OPINION
{¶ 1} Appellant, James N. Schaub, appeals from a judgment entry of the Lake County Court of Common Pleas, adjudicating him a sexual predator, pursuant to R.C. Chapter 2950, and sentencing him to consecutive prison terms of eight years on one count of rape, in violation of R.C.2907.02(A)(2), and three years for a firearm specification under R.C.2929.14(D)(1). For the reasons that follow, we affirm.
 {¶ 2} On March 4, 2003, a complaint was filed in the Painesville Municipal Court, charging appellant with one count of rape, in violation of R.C. 2907.02(A), and one count of kidnapping, in violation of R.C.2905.01(A)(4). Appellant proceeded to waive his right to a preliminary hearing and consented to be bound over to the Lake County Court of Common Pleas.
 {¶ 3} In the common pleas court, by way of information, appellant was charged with one count of rape, in violation of R.C. 2907.02(A)(2), a first degree felony, with a firearm specification under R.C. 2941.145. Shortly thereafter, appellant waived his right to prosecution by indictment and entered a written plea of guilty to the rape charge and accompanying firearm specification. The trial court accepted appellant's guilty plea and entered judgment accordingly.
 {¶ 4} On May 5, 2003, the common pleas court held a hearing to determine appellant's classification as a sexual predator and to enter a sentence. Although no witness testimony was presented, evidentiary exhibits were formally admitted. These exhibits included: (1) appellant's written, voluntary statement to the police; (2) appellant's psychological evaluation; and (3) a presentence report.
 {¶ 5} The aforementioned evidentiary exhibits establish the following facts. On March 3, 2003, appellant approached the victim, a prostitute, to elicit sex. The victim informed appellant that she would accommodate him with oral or vaginal sex, but would not engage in anal sex. Ultimately, appellant and the victim drove to appellant's home in Lake County, Ohio. Once inside the home, appellant pointed a gun at the victim's head and ordered her into his bedroom. Appellant then instructed the victim to disrobe. After she had undressed, appellant forced the victim to lie on her stomach and put her hands behind her back, at which time appellant handcuffed her hands. Appellant proceeded to rape the victim by means of anal and oral intercourse. During the course of the rape, appellant placed his gun on a nightstand next to the bed.
 {¶ 6} Following its review of the evidentiary exhibits, the common pleas court adjudicated appellant as a sexual predator, pursuant to R.C. Chapter 2950, and entered sentence. In a May 21, 2003 judgment entry, the common pleas court reiterated its findings regarding appellant's sexual predator classification as announced at the hearing. Specifically, the court stated that it had "reviewed the pre-sentence report, the Psychological Evaluation * * *, and the written statement of [appellant] introduced at the hearing. Based upon the foregoing, and for the reasons stated on the record, the Court hereby finds, by clear and convincing evidence, [appellant] to be a Sexual Predator in that [appellant] has been convicted of a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 7} The May 21, 2003 judgment entry also repeated appellant's sentence, which was previously issued following the hearing. The court again considered the applicable sentencing factors and sentenced appellant to an eight-year prison term on the rape count and a three-year prison term on the firearm specification, with the terms to be served consecutively.
 {¶ 8} From this judgment, appellant filed a timely notice of appeal and now sets forth the following three assignments of error for our consideration:
 {¶ 9} "[1.] The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence.
 {¶ 10} "[2.] The trial court erred to the prejudice of the defendant-appellant when it ordered an eight-year term of imprisonment by making findings under the applicable sentencing statute that were not supported by the record.
 {¶ 11} "[3.] The trial court erred when it sentenced the defendant-appellant to more than the `statutory maximum' sentence based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendantappellant's state and federal constitutional rights to trial by jury."
 {¶ 12} Under his first assignment of error, appellant argues that the common pleas court erred by classifying him a sexual predator, as such a classification was against the manifest weight of the evidence. We disagree.
 {¶ 13} A trial court's sexual predator classification will not be reversed by an appellate court unless the manifest weight of the evidence fails to support the trial court's decision. State v. Cook,83 Ohio St.3d 404, 1998-Ohio-291. When reviewing a claim that a judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact lost its way and created a miscarriage of justice. State v. Martin (1983), 20 Ohio App.3d 172,175. See, also, State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 14} R.C. 2950.01(E)(1) defines a sexual predator as a person who has been "convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The least restrictive designation of a "sexually oriented offender" is not defined by R.C. Chapter 2950. Statev. Hayden, 96 Ohio St.3d 211, 2002-Ohio-4169, at ¶ 9 However, the Ohio Supreme Court has defined a sexually oriented offender as an individual "who has committed a `sexually oriented offense' as that term is defined in R.C. 2950.01(D) but who does not fit the description of * * * [a] sexual predator." Cook at 407.
 {¶ 15} In applying the sexual predator definition, a common pleas court can classify an individual as a sexual predator only if it concludes that the state has established both prongs of the definition by clear and convincing evidence. R.C. 2950.09(B)(3). Clear and convincing evidence is the measure or degree of proof which "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. See, also, State v. Eppinger,91 Ohio St.3d 158, 164, 2001-Ohio-247.
 {¶ 16} To assist a common pleas court in determining the second prong of the sexual predator definition, specifically, whether appellant is likely to engage in the future in one or more sexually oriented offenses, R.C. 2950.09(B)(2)(a)-(j) sets forth a list of nonexclusive factors that the court must consider. These factors include: (1) the offender's age; (2) the offender's prior criminal record; (3) the victim's age; (4) whether the underlying sexually oriented offense involved multiple victims; (5) whether the offender used alcohol or drugs to impair or incapacitate the victim; (6) whether the offender has previously participated in a rehabilitative program for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the specific nature of the sexual conduct involved in the underlying sexually oriented offense; (9) whether the offender acted cruelly in committing the underlying sexually oriented offense; and (10) any additional behavioral characteristics that contribute to the offender's conduct.
 {¶ 17} Here, the record demonstrates that the common pleas court considered the factors of R.C. 2950.09(B)(2), and after doing so, concluded there was clear and convincing evidence to support a determination that appellant satisfied both prongs of the sexual predator definition. In particular, the court noted that appellant had pleaded guilty to a sexually oriented offense as defined by R.C. Chapter 2950. The trial court then proceeded to the second prong of its sexual predator classification and provided the following analysis of the requisite factors under R.C. 2950.09(B)(2):
 {¶ 18} "[a.] The defendant has a prior criminal record, including Theft, and various traffic offenses including two convictions for Driving under Suspension;
 {¶ 19} "[b.] Defendant has a history of mental illness and/or mental disability, to wit; mood disorder, ADHD, post-traumatic stress syndrome, major depressive disorder, poly substance dependency, and anti-social personality disorder with mixed features;
 {¶ 20} "[c.] The nature of the offender's sexual conduct was extremely forceful, violent and shocking;
 {¶ 21} "[d.] The nature of the defendant's actions during the commission of the sexually oriented offense displayed cruelty and threats of cruelty by taking a firearm, pointing it at the victim's head and ordering her to disrobe. The defendant then placed the gun on a table next to the bed, handcuffed the victim behind her back, and then forcibly performed anal intercourse and then oral sex;
 {¶ 22} "[e.] Additional behavior characteristics that contributed to the defendant's conduct include the following:
 {¶ 23} "[1.] Defendant has no insight and no idea why he did what he did;
 {¶ 24} "[2.] Defendant has anger problems;
 {¶ 25} "[3.] Defendant has dominance control needs;
 {¶ 26} "[f.] Additional factors the court considered include:
 {¶ 27} "[1.] Dr. John Fabian's opinion that, actuarially the defendant presented as a low to moderate risk to re-offend, and clinically the defendant presented as a moderate risk to re-offend;
 {¶ 28} "[2.] This offense involved an unrelated victim;
 {¶ 29} "[3.] The defendant and victim were strangers;
 {¶ 30} "[4.] The deviant nature of the defendant's conduct."
 {¶ 31} Despite these determinations, appellant contends that the court's judgment classifying him as a sexual predator was against the manifest weight of the evidence. In support of this position, appellant argued that the following factors demonstrate a lower risk of recidivism: (1) there were no male victims; (2) appellant was not diagnosed with pedophilia, paraphilia, or as a sexual deviant; (3) this incident concerned the solicitation of a prostitute and began as a consensual encounter; and (4) appellant's psychological evaluation did not recommend that he be classified a sexual predator and determined him to be a moderate risk to re-offend, while the actuarial risk was medium-low.
 {¶ 32} "To adjudicate a defendant as a sexual predator, the trial court need not find that a majority of [the factors of R.C. 2950.09(B)(2)] support such a determination; rather, the defendant may be so adjudicated even if only one or two of these factors are present, so long as the totality of the circumstances provides clear and convincing evidence that the defendant is likely to commit a sexually-oriented offense in the future." State v. Faehner, 11th Dist. No. 2001-L-212, 2002-Ohio-5148, at ¶ 9. See, also, State v. Swank, 11th Dist. No. 98-L-049, 2002-Ohio-1337, 2002 Ohio App. LEXIS 1345, at 16, (holding that a defendant may be classified as a sexual predator even if only one or two of the factors of R.C. 2950.09(B)(2) are present).
 {¶ 33} That being said, after reviewing the surrounding circumstances, it is evident that the court based its sexual predator adjudication upon clear and convincing evidence. While the record accurately reflects the absence of some factors which would support a sexual predator adjudication, an adequate number of factors found by the common pleas court demonstrated that appellant was likely to commit a sexually oriented offense in the future. Namely, the court recognized the extremely deviant and violent nature of appellant's actions. Although appellant's conviction was based upon the single rape of a female, his use of a deadly weapon and extreme force during the rape demonstrates a higher likelihood of recidivism.
 {¶ 34} Moreover, regardless of the victim's initial consent to have sex with appellant, it is clear that appellant forced her, by violent means, to engage in anal and oral intercourse. This is further corroborated by the victim's prior specific refusal to engage in anal sex and appellant's use of a firearm and handcuffs to restrain the victim.
 {¶ 35} Although the psychological evaluation failed to expressly recommend that appellant be classified a sexual predator and determined him to be a moderate clinical risk to re-offend, while the actuarial risk was medium-low, this alone does not establish that the court's adjudication was against the manifest weight of the evidence. It is within the discretion of the trial court to assess the significance of the psychological evaluation's findings, including its weight and credibility, and then consider the totality of the circumstances presented in the case. State v. Davis, 11th Dist. No. 2002-L-127, 2003-Ohio-6741at ¶ 32. See, also, State v. Krivanek, 11th Dist. No. 2001-L-030, 2002-Ohio-3963, at ¶ 25.
 {¶ 36} Here, the court was able to weigh the findings of the psychological evaluation against the surrounding circumstances and concluded that appellant should be classified a sexual predator. As mentioned previously, clear and convincing evidence confirmed the deviant and violent nature of appellant's conduct. In addition, the psychological evaluation diagnosed appellant with a multitude of various mental illnesses. These mental illnesses, in conjunction with the court's findings that appellant has no insight as to why he raped the victim, that he has anger problems, and that he has dominance control needs, further substantiate a sexual predator adjudication.
 {¶ 37} Based upon the foregoing, the court's adjudication of appellant was not against the manifest weight of the evidence, as its judgment was supported by clear and convincing evidence. Appellant's first assignment of error is without merit.
 {¶ 38} Under his second assignment of error, appellant argues that the trial court erred in sentencing him to an eight-year prison term on his rape conviction. Specifically, appellant contends that a mitigating factor existed based upon the victim facilitating the offense, per R.C.2929.12(C)(1). Also, appellant maintains that the court erred in determining that appellant exhibited a pattern of alcohol and drug abuse, thereby making recidivism more likely under R.C. 2929.12(D)(4). Finally, appellant submits that evidence of his remorse indicates a lower risk of recidivism pursuant to R.C. 2929.12(E)(5).
 {¶ 39} A reviewing court will not reverse a sentence unless the appellant establishes that the trial court failed to comply with the applicable statutory requirements or that it abused its discretion by failing to consider sentencing factors. State v. Rupert, 11th Dist. No. 2001-L-169, 2002-Ohio-7268, at ¶ 5. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v.Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 40} Under R.C. 2929.11, the purposes of criminal sentencing are to punish the offender and to protect the public from future crime. To ensure that the sentence imposed is consistent with these purposes, a trial court must consider such things as the seriousness of the offender's conduct, the offender's criminal record, and the circumstances under which the crime was committed. R.C. 2929.12. The trial court is granted broad discretion in determining the most effective way to uphold the sentencing objectives when sentencing a defendant. Id.
 {¶ 41} R.C. 2929.12(C)(1) requires the common pleas court to consider whether "[t]he victim induced or facilitated the offense" as a mitigating factor. Regarding this particular mitigating factor, the court, at the sentencing hearing, stated, "[t]he Court specifically rejects the defense's notion that the victim induced this particular offense. There is absolutely nothing in the record to suggest that this victim invited the use of a firearm, the use of handcuffs to restrain her, [or] anal sex which occurred in a very forceful manner when she specifically notes she said she did not want to engage in anal sex prior to the commission of this offense."
 {¶ 42}
The court's determination that the mitigating factor of R.C. 2929.12(C)(1) is not applicable must be addressed and analyzed in context. While it appears that the victim solicited a sex-for-hire encounter, she specifically excluded anal sex. There is no dispute that the victim did not consent to the use of a gun, handcuffs, or anal sex. Moreover, even if the court affirmatively found that the victim's initiation of the offense was a mitigating factor, this factor, standing alone, would not be conclusive that the sentence was improper. Accordingly, the common pleas court did not abuse its discretion by finding that R.C. 2929.12(C)(1) did not apply to the instant case.
 {¶ 43} R.C. 2929.12(D)(4) provides that the court shall consider an offender's demonstrated pattern of drug or alcohol abuse as a factor indicating that the offender is likely to commit future crimes. The court stated that the evidence established "a pattern of drug and alcohol abuse in that [appellant] has failed to acknowledge the problem or accept treatment for in the past."
 {¶ 44} Again, the record before us supports a finding that appellant has demonstrated a pattern of drug and alcohol abuse. Appellant's presentence report shows that he began consuming alcohol at the age of eleven. His use of alcohol increased, and by the age of fifteen appellant was consuming four beers and three shots of hard liquor on a daily basis. Nevertheless, appellant claimed that his use of alcohol had decreased, as he currently only consumes one to two beers annually. Appellant also noted that he had never attended related treatment. The court had sufficient evidence before it to disbelieve appellant's claim of having no current substance abuse problems.
 {¶ 45} The presentence report further established that appellant had admitted to smoking marijuana when he was thirteen years old. He claimed, however, that his use of marijuana decreased with age and that he last smoked marijuana six years ago. Appellant further admitted to a history of using LSD, crystal methamphetamine, cocaine, mushrooms, and Robitussin DM cough syrup. Despite this history of drug abuse, appellant maintained that he did not have a drug abuse problem and, therefore, never attended related treatment.
 {¶ 46} Appellant's presentece report confirms that he claimed he no longer abused drugs or alcohol. The common pleas court may believe all, part, or none of appellant's self-serving statements that were incorporated in the presentence report, as it was in the best position to assess his credibility. See, e.g., State v. Postway, 12th Dist. No. CA2002-06-154, 2003-Ohio-2689, 2003 Ohio App. LEXIS 2434, at 8, citingState v. Hopfer (1996), 112 Ohio App.3d 521, 548. Thus, the trial court did not abuse its discretion by finding that appellant had demonstrated a pattern of drug and alcohol abuse.
 {¶ 47} Finally, whether appellant "shows genuine remorse" is a factor, per R.C. 2929.12(E)(5), which would indicate a lower likelihood to commit future crimes. Again, the common pleas court was in the best position to assess appellant's sincerity with respect to his allegedly remorseful statements.
 {¶ 48} Here, appellant argues that his statements included in the presentence report demonstrated his remorse. Specifically, appellant submits that the presentence report confirmed that his actions made him feel "sick, depressed, and angry." Because the common pleas court was in a better position to evaluate the sincerity of appellant's statements, we find that the court was within its broad discretion to determine appellant had failed to show any remorse.
 {¶ 49} Based upon the foregoing analysis, the court did not abuse its discretion by sentencing appellant to an eight year prison term on his rape conviction. Appellant's second assignment of error is without merit.
 {¶ 50} Under his third assignment of error, appellant contends that, per Blakely v. Washington (2004), 124 S.Ct. 2531, the trial court erred by sentencing him to a prison term that was greater than the minimum term allowed by statute. We disagree.
 {¶ 51} In Blakely, the defendant pleaded guilty to kidnapping involving the use of a firearm, a class B felony. In the state of Washington, the statutory maximum for a class B felony was ten years; however, other provisions of Washington law limited the range of sentences a judge could impose. Consequently, the "standard" statutory range for the offense to which the defendant pleaded guilty was forty-nine to fifty-three months. Although the guidelines set forth the "standard" sentence, a court could enlarge the "standard" sentence if it found any of a non-exhaustive list of aggravating factors justifying the departure. In Blakely, the trial court determined the defendant acted with "deliberate cruelty" and imposed a sentence of ninety-months, a thirty-seven month upward departure from the "standard."
 {¶ 52} The United States Supreme Court reversed the sentence, holding a trial court may not extend a defendant's sentence beyond the statutory maximum when the facts supporting the enhanced sentence are neither admitted by the defendant nor found by the jury. Id. The court defined the statutory maximum as "the maximum sentence a judge may impose solelyon the basis of the facts reflected in the jury verdict or admitted bythe defendant." Id. at 2537. (Emphasis sic.)
 {¶ 53} Here, appellant pleaded guilty to rape under R.C. 2907.02(A)(2), a first degree felony. The minimum statutory prison term for a first degree felony is three years, while the maximum term is ten years. The trial court imposed an eight-year prison term on the rape conviction.
 {¶ 54} R.C. 2929.14(B) states:
 {¶ 55} "(B) * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 56} "(1) The offender was serving a prison term at the time of the offense, or the offender previously served a prison term.
 {¶ 57} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 58} The common pleas court did not determine that appellant had served a prior prison term. Instead, to support an upward departure from the minimum three-year prison term, the court relied upon a finding that the shortest prison term would demean the seriousness of appellant's conduct and not adequately protect the public from future crime.
 {¶ 59} Appellant contends that to overcome the presumption of the minimum three-year prison term, the trial court engaged in a fact-finding process when it considered the factors of R.C. 2929.14(B)(2). Thus, appellant concludes that the common pleas court violated Blakely and, therefore, he was entitled to a three-year prison term.
 {¶ 60} The instant case is distinguishable from Blakely because appellant tendered an unchallenged confession in addition to a voluntary plea. Such a confession did not exist in Apprendi or Blakely. The only admitted facts in those cases were contained within the respective guilty pleas. Barring further input from the Ohio Supreme Court as to when additional evidence may be considered, we conclude the trial court may use the facts admitted in an uncontested confession, in conjunction with a voluntary plea, to determine whether the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime. See, e.g., State v. Curd, 11th Dist. No. 2003-L-030, 2004-Ohio-7222, at ¶ 100.
 {¶ 61} An examination of the guilty plea and the facts admitted by appellant demonstrates that the court could adequately consider the factors of R.C. 2929.02(B)(2). In particular, in appellant's unchallenged confession, he admitted to pointing a firearm at the victim's head and ordering her to disrobe. He further admitted to restraining the victim with handcuffs, and engaging in anal intercourse with the victim while she was handcuffed and while the gun was on a stand next to the bed.
 {¶ 62} In addition, appellant's guilty plea admitted to engaging in sexual conduct with another when purposefully compelling the other to submit by force or threat of force. See, e.g., R.C. 2907.02(A)(2). Therefore, force or threat of force was an admitted fact.
 {¶ 63} Accordingly, appellant's sentence could be calculated without resolution of factual issues beyond the admitted facts. As applied in this matter, Ohio's sentencing scheme is not unconstitutional in light ofApprendi and Blakely. Appellant's third assignment of error is without merit.
 {¶ 64} Our analysis has determined that appellant's first, second and third assignments of error are without merit. We hereby affirm the judgment of the common pleas court.
Rice, J., concurs,
O'Neill, J., dissents with Dissenting Opinion.