OPINION
{¶ 1} On June 13, 2006, Defendant Randall Dixon entered the Dollar Tree store at 1905 Wayne Avenue in Dayton with two empty shopping bags. Store employees observed Defendant scoop merchandise into the shopping bags. Defendant did not go to a cash register to pay for the items. Rather, Defendant *Page 2 
proceeded to the front doors of the store. Store employees confronted Defendant and prevented him from leaving. Defendant responded by waving a glass bottle in a threatening manner and swinging a six pack of canned soda pop, one can of which broke loose and struck a store employee in the face and causing a laceration. A customer then got into a physical scuffle with Defendant and subdued him. Police arrived and arrested Defendant, who admitted that he had engaged in shoplifting.
 {¶ 2} Defendant was indicted on one count of robbery in violation of R.C. 2911.02(A)(2). Defendant waived his right to counsel and elected to represent himself. Following a jury trial, Defendant was found guilty of robbery. The trial court sentenced Defendant to the maximum allowable prison term of eight years.
 {¶ 3} Defendant timely appealed to this court from his conviction and sentence. Defendant's appellate counsel filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,19 L.Ed.2d 493, stating that he could not find any meritorious issues for appellate review. Counsel did, however, raise four possible issues for appeal. We notified Defendant of his appellate counsel's representations and afforded him time to file a pro se brief. Defendant filed *Page 3 
a pro se brief, which for the most part presents the same issues for appeal raised by his appellate counsel, with a few handwritten comments added. This appeal is now before us for a decision on the merits.
FIRST ASSIGNMENT OF ERROR
 {¶ 4} "THE TRIAL COURT ERRED BY CONVICTING APPELLANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION OF ROBBERY AS ALLEGED."
 {¶ 5} Defendant was convicted of a violation of R.C. 2911.02(A)(2), which provides:
 {¶ 6} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 7} * * *
 {¶ 8} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another."
 {¶ 9} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins, (1997), 78 Ohio St.3d 380. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259: *Page 4 
 {¶ 10} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 11} The eyewitness testimony presented by the State at trial demonstrates that Defendant entered the Dollar Tree store and put several health and beauty care items into two shopping bags he brought into the store. Defendant did not go to a cash register to pay for the items. Rather, Defendant attempted to leave the store with the stolen items via the front door. When store employees prevented Defendant from leaving the store, Defendant threatened to inflict physical harm by waving around a glass bottle as a weapon, and Defendant did inflict physical harm by swinging around a six pack of canned soda pop that hit store employee Thomas Jacobs in the face, causing a cut to his chin. Defendant admitted to police that he had gone into the store to steal merchandise.
 {¶ 12} It is immaterial that Defendant never left the store *Page 5 
with the merchandise because, on these facts, Defendant clearly attempted to commit a theft offense, and Defendant admitted to police that he entered the store for the purpose of shoplifting. Store employee Thomas Jacobs was struck in the face by the cans of soda pop Defendant was swinging around, which resulted in physical harm, a cut to his chin. This physical harm occurred while Defendant was attempting to flee the store after attempting or committing a theft offense. R.C.2911.02(A)(2). Pursuant to R.C. 2935.041, Jacobs was privileged to detain Defendant in the reasonable manner he did, by locking the doors to the store. This evidence, construed in a light most favorable to the State, is sufficient for a rational trier of facts to find all of the essential elements of robbery proven beyond a reasonable doubt. Defendant's conviction is supported by legally sufficient evidence.
 {¶ 13} A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983), 20 Ohio App.3d 172, 175: *Page 6 
 {¶ 14} "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Accord: State v.Thompkins, supra.
 {¶ 15} In order to find that a manifest miscarriage of justice occurred, an appellate court must conclude that a guilty verdict is "against," that is, contrary to, the manifest weight of the evidence presented. See, State v. McDaniel (May 1, 1998), Montgomery App. No. 16221. The fact that the evidence is subject to different interpretations on the matter of guilt or innocence does not rise to that level.
 {¶ 16} The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. State v.DeHass (1967), 10 Ohio St.2d 230. In State v. Lawson (August 22, 1997), Montgomery App. No. 16288, we observed:
 {¶ 17} "[b]ecause the factfinder . . . has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence *Page 7 
requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness."Id., at p. 4.
 {¶ 18} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict. State v. Bradley (Oct. 24, 1997), Champaign App. No. 97-CA-03.
 {¶ 19} In arguing that his conviction is against the manifest weight of the evidence, Defendant suggests that the testimony of the customer who subdued him, Terrance Flack, is not worthy of belief because he has a long criminal history and served time in prison. The credibility of the witnesses and the weight to be given to their testimony were matters for the trier of facts to resolve. DeHass. The jury was well aware of Flack's criminal history, and therefore their credibility determination was not compromised. In any event, the evidence presented by the State was sufficient to prove Defendant's guilt, even without Flack's testimony. Accordingly, the jury did not lose its way in finding Defendant guilty simply because it chose to believe the *Page 8 
State's witnesses, which it had a right to do. The guilty verdict is not contrary to the testimony of the eyewitnesses in this case.
 {¶ 20} Reviewing the record as a whole, we cannot say that the evidence weighs heavily against a conviction, that the trial court lost its way in choosing to believe the State's witnesses, or that a manifest miscarriage of justice has occurred. Therefore, Defendant's conviction is not against the manifest weight of the evidence.
 {¶ 21} Defendant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 22} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE POSSIBLE RELYING PARTLY UPON EVIDENCE NOT FOUND BEYOND A REASONABLE DOUBT BY THE JURY OR STIPULATED BY THE PARTIES."
 {¶ 23} Defendant was convicted of robbery, R.C. 2911.02(A)(2), a felony of the second degree, R.C. 2911.02(B), for which the possible penalty is two to eight years in prison. R.C. 2929.14(A)(2). The trial court's sentence of eight years, while the maximum allowable sentence, is nevertheless within the statutory authorized range of punishment for a second degree felony. In imposing the maximum sentence the trial court detailed Defendant's very *Page 9 
lengthy criminal history, which includes three prior convictions for robbery or aggravated robbery, two of which were committed while Defendant was on probation or parole. The court is authorized by R.C.2929.12(A) to consider an offender's criminal record, because it is a factor relevant to achieving the purposes and principles of sentencing in R.C. 2929.11.
 {¶ 24} Defendant's assignment of error suggests that he may be complaining that his Sixth Amendment rights were violated perBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403. Defendant has forfeited his right to argue a Blakely issue on appeal because he failed to raise that objection at the time of sentencing. State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642. PerState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the trial court had full discretion to impose any sentence within the statutory authorized range of punishments for felonies of the second degree, and the court was not required to make any findings or give its reasons before imposing maximum, consecutive, or more than minimum sentences.
 {¶ 25} Defendant's second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 {¶ 26} "THE STATE IMPROPERLY DENIED DEFENDANT ACCESS TO *Page 10 
EXCULPATORY EVIDENCE IN THE FORM OF THE VIDEO SURVEILLANCE TAPES FROM THE STORE AND THE WRITTEN STATEMENT OF DEFENDANT."
 {¶ 27} Defendant claims that the State violated the rules of discovery and his right to due process by withholding material evidence favorable to him, the Dollar Tree store's surveillance videotapes.
 {¶ 28} Suppression by the State of evidence favorable to an accused violates due process where the evidence is material either to guilt or punishment, irrespective of the good or bad faith of the prosecution.State v. Treesh (2001), 90 Ohio St.3d 460, citing Brady v. Maryland
(1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. Evidence is material if there is a reasonable probability that had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. This standard applies regardless of whether the evidence is specifically, generally, or not at all requested by the defense. Treesh.
 {¶ 29} In contrast, evidence is not material if it is merely potentially useful evidence. State v. Grigley, Montgomery App. No. 21632, 2007-Ohio. The failure to preserve potentially useful evidence does not violate due process *Page 11 
unless the police or prosecution acted in bad faith. Treesh, citingArizona v. Youngblood (1988), 488 U.S. 51, 109 S.Ct. 333,102 L.Ed.2d 281.
 {¶ 30} The record fails to demonstrate that the State withheld or failed to preserve materially exculpatory or even potentially useful evidence. There is no evidence that the State ever possessed or had control over the Dollar Tree store's surveillance videotapes. More importantly, those videotapes were not material or even potentially useful evidence.
 {¶ 31} During his cross-examination, store manager Thomas Herron testified that the store had surveillance cameras and that they were focused upon the cashiers. The events giving rise to this robbery charge occurred in aisle four and at the front doors to the store where Defendant was prevented from leaving the store, not at the cash registers. Accordingly, because Defendant has failed to demonstrate that the Dollar Tree store's surveillance videotapes were either materially exculpatory or even potentially useful evidence, no due process violation has been established.
 {¶ 32} Defendant additionally argues that his due process rights were violated because police did not interview him in accordance with standard procedures using two detectives *Page 12 
instead of but one. That argument is frivolous because there is no such requirement.
 {¶ 33} Defendant's third assignment of error is overruled.
FOURTH ASSIGNMENT OF ERROR
 {¶ 34} "THE TRIAL COURT ERRED IN ADMITTING INTO EVIDENCE PHOTOGRAPHS TAKEN WELL AFTER THE ALLEGED OFFENSE WITHOUT ESTABLISHING THE DATES OF THE PHOTOGRAPHS OR CALLING THE PHOTOGRAPHER WHO TOOK THEM."
 {¶ 35} Defendant complains about the admission of four photographs, State's Exhibits 1-4, which were taken well after this robbery occurred. Dollar Tree employee Thomas Jacobs identified those photographs as accurate representations of how the store currently appears, Evid.R. 901(A), and the photos were used to assist Jacobs in explaining to the jury where people were in the store and where the events comprising this robbery transpired inside the store. The record does not suggest that the matters depicted are different from those at the time of the robbery. Defendant did not object at trial to the use or admission of these photographs, which constitutes a waiver of all but plain error,State v. Wickline (1990), 50 Ohio St.3d 114. On this record no plain error is demonstrated because it cannot be said that but for the admission of these photographs the outcome of the trial would clearly have been *Page 13 
different. State v. Long (1978), 53 Ohio St.2d 91.
 {¶ 36} Defendant's fourth assignment of error is overruled.
 Competency Issue {¶ 37} Defendant complains in his pro se brief that his trial counsel requested a competency evaluation due to Defendant's history of mental illness, but no evaluation was ever ordered by the trial court. The record does not exemplify this claimed error, because no request for a competency evaluation appears in the record. Under those circumstances, we must presume the regularity and validity of the trial court's proceedings, and affirm. Grigley, citing Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197. In any event, the record amply demonstrates that Defendant was competent to stand trial. Defendant represented himself at trial and he clearly understood the issues, communicated with the trial court, questioned witnesses, and made arguments to the jury.
 {¶ 38} In addition to reviewing the possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed. Penson v. Ohio *Page 14 
(1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.
 WOLFF, P.J. And FAIN, J., concur. *Page 1