**[Cite as *State v. Veney*, 2021-Ohio-2434.]**

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28989 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-823 |
| | : | |
| ROBERT L. VENEY, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 16th day of July, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

DAVID E. STENSON, Atty. Reg. No. 0042671, 131 North Ludlow Street, Suite 316, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Robert L. Veney, Jr. appeals from his conviction for one count of failure to comply with an order or signal of a police officer (serious physical harm/substantial risk), in violation of R.C. 2921.331(B) and R.C. 2921.331(C)(5), a felony of the third degree. Veney filed a timely notice of appeal on December 16, 2020.

{¶ 2} The incident which formed the basis for Veney's conviction occurred on March 4, 2020, when Veney fled from police and initiated a chase that lasted approximately two minutes. On August 6, 2020, Veney was indicted for one count of failure to comply with an order or signal of a police officer. At his arraignment on September 22, 2020, Veney stood mute, and the trial court entered a plea of not guilty on his behalf.

{¶ 3} On October 20, 2020, Veney pled guilty to the charged offense. On December 1, 2020, the trial court sentenced Veney to 12 months in prison and suspended his driver's license for five years. In addition to reviewing his presentence investigation report (PSI), the trial court stated that it had watched the police cruiser camera video which depicted the car chase involving Veney. The record establishes that neither Veney nor his trial counsel objected to the trial court's decision to review the video of the car chase.

{¶ 4} Veney now appeals from his conviction.

{¶ 5} Veney's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN VIEWING AND RELYING UPON AN UNAUTHENTICATED VIDEOTAPE FOR SENTENCING PURPOSES AND DENYING APPELLANT HIS CONSTITUTIONAL RIGHT TO CONFRONTATION.

{¶ 6} Veney contends that the trial court erred when it reviewed the video of the chase from the police cruiser camera prior to sentencing him for failure to comply with an order or signal of a police officer. Specifically, Veney argues that the trial court's reliance on the video at sentencing was erroneous because: 1) the video was unauthenticated; 2) the video was not played during the sentencing hearing; and 3) Veney "had no opportunity for cross-examination relevant to the video." Appellant's Brief, p. 5.

{¶ 7} Initially, we note that Veney failed to object to the trial court's consideration of the police cruiser camera video at sentencing. As we have noted:

It is well-settled that failure to object waives all but plain error. *State v. Bahns*, 185 Ohio App.3d 805, 2009-Ohio-5525, 925 N.E.2d 1025, ¶ 25 (2d Dist.), citing *McBride v. Quebe*, 2d Dist. Montgomery No. 21310, 2006-Ohio-5128. "Plain error exists 'if the trial outcome would clearly have been different, absent the alleged error in the trial court proceedings.' " *Id.*, citing *State v. Rollins*, 2d Dist. Clark No. 2005-CA-10, 2006-Ohio-5399.

*State v. Kessel*, 2019-Ohio-1381, 133 N.E.3d 1086, ¶ 33 (2d Dist.). Accordingly, we will review Veney's argument under a plain error analysis.

{¶ 8} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d

54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 9} Veney does not specifically argue that his 12-month sentence was unsupported by the record or contrary to law. Rather, Veney argues that it was not appropriate for the trial court to review the video evidence of the car chase prior to sentencing. We disagree.

{¶ 10} This is the entirety of the trial judge's comments on the video:

I watched that video, and you know, the officer was trying to pull you over for a license plate violation not because you were being profiled. And if that's what you want to believe then that narrative may be why you decided that it's okay for you to put yourself, the police officers but more importantly innocent members of the public at risk all because you didn't want to get a ticket for not having the appropriate license plate. And I can't ignore how dangerous your driving was.

(Tr. at 14.)

This was a short pursuit -- it was short because the police cut -- cut it off. And you -- I mean you could be seen, when they cut it off, speeding over on the side of the road, weaving through the traffic. And that's not -- that danger is not something that I can ignore. And it has become an all too common occurrence that puts innocent people in the public in jeopardy.

(Tr. at 14-15.)

{¶ 11} We have repeatedly stated that, for purposes of sentencing, a court "is not confined to [considering] the evidence that strictly relates to the conviction offense because the court is no longer concerned * * * with the narrow issue of guilt." *State v.*

*Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 14 (2d Dist.); *see also State v. Waggoner*, 2d Dist. Montgomery No. 28453, 2020-Ohio-212, ¶ 12. Nevertheless, here the video of the pursuit was direct evidence of Veney's admitted crime. At sentencing, courts may consider, for example, "hearsay evidence, facts related to charges that were dismissed pursuant to a plea bargain, and allegations contained in a PSI report." *State v. Bautista*, 2d Dist. Clark No. 2015-CA-74, 2016-Ohio-5436, ¶ 12, citing *State v. Clemons*, 2d Dist. Montgomery No. 26038, 2014-Ohio-4248, ¶ 8. In light of this precedent and the fact that, under Evid.R. 101(C)(3), authentication rules do not apply, we find no error in the trial court's consideration of the video of the chase involving Veney from the police cruiser camera. *See State v. McNeil*, 2d Dist. Clark No. 2019-CA-51, 2020-Ohio-3202, ¶ 14.

{¶ 12} We have also held that "unsworn statements, not subject to cross-examination, have long been a feature of pre-sentence investigations and reports that trial judges consider in exercising their sentencing discretion, and sentencing proceedings, after a defendant's guilt has been adjudicated, have traditionally been exempted from the evidentiary rigors governing the trial of a criminal case." *State v. Spears*, 2d Dist. Montgomery No. 14869, 1995 WL 614338, *5 (Oct. 18, 1995). It was certainly within the trial court's sound discretion to conclude, after reviewing the video of the chase, that Veney's initiation of a chase endangered other drivers and/or the police even though the chase was brief. Importantly, Veney does not suggest that the video is not of his pursuit.

{¶ 13} Veney also argues that, pursuant to *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, "a defendant's Sixth Amendment right to a jury trial has

been violated when a judge makes findings that increase a sentence based on facts not found by a jury or admitted as part of a plea agreement." Appellant's Brief, p. 5-6. Upon review, we find that the U.S. Supreme Court's holding in *Blakely* does not apply in the instant case. Additionally, Veney also relies upon a dissent by then Judge William O'Neill in *State v. Schaub*, 11th Dist. Lake No. 2003-L-091, 2005-Ohio-703, ¶ 65-87, for the proposition that the trial court erred when it reviewed the video of the car chase prior to imposing sentence.

{¶ 14} We reiterate that Veney has waived his right to argue a *Blakely* issue on appeal because he failed to raise that objection at the time of sentencing. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 23; *State v. Dixon*, 2d Dist. Montgomery No. 21796, 2008-Ohio-184, ¶ 24. Even so, the record does not demonstrate a violation of Veney's Sixth Amendment rights.

{¶ 15} The *Blakely* Court stated, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." Here, Veney was sentenced to 12 months in prison for failure to comply with an order or signal of a police officer, a felony of the third degree. The maximum prison term for the offense was 36 months in prison. R.C. 2929.14(A)(3)(b). Veney's sentence was clearly not above the "prescribed statutory maximum," and therefore *Blakely* was inapplicable.

{¶ 16} Veney's sole assignment of error is overruled.

{¶ 17} The judgment of the trial court is affirmed.

. . . . . . . . . . . .

HALL, J. and EPLEY, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
David E. Stenson
Hon. Mary Katherine Huffman